**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **JOAN NEWBERGER** | * | **CIVIL ACTION NO. 12-2360** |
| **Plaintiff** | * | |
| | * | **SECTION: H** |
| | * | **JUDGE JANE TRICHE MILAZZO** |
| **VERSUS** | * | |
| | * | |
| | * | **MAGISTRATE: 2** |
| **MARIA DAVIDSON, ET AL.** | * | **MAG. JOSEPH C. WILKINSON, JR.** |
| | * | |
| **Defendants** | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**ORDER AND REASONS**

The matter before the Court is a Motion to Dismiss filed by Maria Davidson (Doc. 14) and adopted by Joe Clawson (Doc. 19) (collectively "Defendants"). For the following reasons Defendants' Motion is GRANTED.

**BACKGROUND**

On February 26, 2011, Plaintiff Joan Newberger ("Newberger") was walking down Bourbon

Street in New Orleans, Louisiana with her caregiver, James Poole, and four non-human primates (monkeys) - specifically, three Marmosets and one Patas.[1] Plaintiff was changing their diapers and feeding them when approached by several New Orleans policeman and employees of the Louisiana Department of Wildlife and Fisheries ("LDWF"), including Maria Davidson ("Davidson"). Plaintiff was issued citations for cruelty to animals (La. Rev. Stat. § 14:102.1) and possession of non-human primates in public without a license (La. Rev. Stat. § 56:6(30)). The monkeys were seized and transported to Monroe Zoo for holding.

Plaintiff and her caregiver were convicted after trial on July 7, 2011 in the criminal case of *State of Louisiana v. Joan S. Newberger and James W. Poole* and the monkeys were placed in the care of the Monroe Zoo. Plaintiff subsequently filed the first civil suit in federal court in *Newberger v. Louisiana Wildlife and Fisheries*, which was dismissed on August 17th, 2012.[2]

Plaintiff filed her second suit on September 27, 2012. (Doc. 1.) Plaintiff alleges that the

---

1

Plaintiff suffers from a known diagnoses of autism and mental impairment and claims that the monkeys have been used as service animals in the states of Texas and Mississippi for the past six years.

2

Chief Judge Vance ruled that it was unnecessary to proceed into the issue of sovereign immunity because Plaintiff's monkeys do not qualify as a service animal under the ADA and therefore, Plaintiff did not assert a valid Title II claim. *Newberger v. Louisiana Dep't of Wildlife & Fisheries*, CIV.A. 11-2996, 2012 WL 3579843 (E.D. La. Aug. 17, 2012).

monkeys were not given proper food and blankets during their six hour trip to Monroe, Louisiana after the monkeys were confiscated; that a Marmoset was not cared for properly and died as a result of this lack of care; that all monkeys were not cared for properly while at the Monroe Zoo; and that she was restricted to visiting the monkeys for only two hours per week. As such, Plaintiff complains that Defendants violated her Fourth, Fifth, and Fourteenth Amendment rights. Plaintiff's main arguments appear to be as follows: (1) the seizure of the monkeys was improper under the Fourth Amendment; (2) the seizure of the monkeys was discriminatory against her because she is a disabled citizen of another state and she is entitled to Equal Protection under the Fourteenth Amendment; and (3) she was denied due process in the deprivation of her property rights under the Fifth and Fourteenth Amendments.

Davidson filed a Motion to Dismiss on January 14, 2013 alleging that this case should be dismissed under both Rule 12(b)(1) and 12(b)(6). (Doc. 14.) Joe Clawson ("Clawson") adopted Davidson's Motion on January 18, 2013. (Doc. 19.) Plaintiff filed an Opposition on June 26, 2013. (Doc. 20.)

## LEGAL STANDARD

*I. Rule 12(b)(6)*

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is "plausible on its face" when the pleaded facts allow the court to "[d]raw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor." *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir.2009). The Court need not, however, accept as true legal conclusions couched as factual allegations. *Iqbal*, 129 S.Ct. at 1949–50.

To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true. *Id.* "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" will not suffice. *Iqbal*, 129 S.Ct. at 1949 (quotations and citation omitted). Rather, the complaint must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim. *Lormand*, 565 F.3d at 255–57. The Court's review "is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir.2010) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir.2000)). Ultimately, If it is apparent from the face of the complaint that an insurmountable bar to relief exists, and the plaintiff is not entitled to relief, the court must dismiss the claim. *Jones v. Bock*, 549 U.S. 199, 215 (2007).

*II. Rule 12(b)(1)*

A motion to dismiss filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges the subject matter jurisdiction of a federal district court. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir.1998). The basic statutory grants of federal court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332.

In considering a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, "a court may evaluate (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Den Norske Stats Oljeselskap As v. Heeremac V.O.F.*, 241 F.3d 420, 424 (5th Cir.2001). The party asserting jurisdiction bears the burden of proof on a Rule 12(b)(1) motion to dismiss and must show that jurisdiction exists. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir.2001).

**LAW AND ANALYSIS**

Defendants argue that Plaintiff's claim fails for four distinct reasons: (1) the claims are time-barred by the one year statute of limitations; (2) the claims were already litigated in the criminal case, *State of Louisiana v. Joan S. Newberger and James W. Poole*, and the civil suit, *Newberger v.*

*Louisiana Wildlife and Fisheries,* and are barred by *res judicata*; (3) the Plaintiff has failed to state a cause of action on which relief can be granted; and (4) the LDWF is entitled to sovereign immunity from suits such as this one brought in federal court. The Court finds that Plaintiff's claims would likely be dismissed under any one of Defendant's four arguments, however pretermits addressing Defendants' arguments regarding sovereign immunity, *res judicata*, and failure to state a claim because Plaintiff's claims are time-barred.

As noted, Plaintiff brings claims under the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution. In general, there is great reluctance to find causes of action that arise directly under the Constitution. *Berger v. City of New Orleans*, 273 F.3d 1095, 2001 WL 1085131, at *1 (5th Cir. Sept. 4, 2001)(citing *Hearth, Inc. v. Dep't of Public Welfare*, 617 F.2d 381, 382 (5th Cir.1980)). As such, Section 1983 is the appropriate mechanism for enforcing these rights. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284 (2002) (Section 1983 provides a mechanism for enforcing individual rights ensured by federal statutes and the United States Constitution). Section 1983 provides that "every person who. . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law." 42 U.S.C. § 1983.

When Congress provides an adequate alternative remedial scheme like Section 1983, which is intended to substitute for direct recovery under the Constitution, a direct action is not available. *Garrett v. City of Houston*, *Tex.*, 102 F. App'x 863, 864 (5th Cir. 2004). Accordingly, Section 1983

is the proper vehicle for due process claims under the Fifth and Fourteenth Amendments*.* *Id*. This is the same for Fourth Amendment claims. *See Brower v. County of Inyo*, 489 U.S. 593 (1989). In *Brower v. County of Inyo*, Plaintiff brought a civil suit for unreasonable seizure under the Fourth Amendment. *Id.* at 594. In that case, similar to the instant motion, the Supreme Court analyzed civil Fourth Amendment claims as falling under Section 1983. *Id.* at 599. Accordingly, the Court will assess all of Plaintiff's claims under Section 1983.

"Because there is no federal statute of limitations for civil rights actions brought under 42 U.S.C. § 1983, a federal court borrows the forum state's general personal injury limitations period." *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993). Accordingly, Section 1983 claims that arise within Louisiana are governed by Louisiana's one-year prescriptive period applicable to personal injury actions. *Lavellee v. Listi*, 611 F.2d 1129, 1130 (5th Cir. 1980).

At the same time, "even though a state statute (of limitations) is applied, the question when a federal cause of action [a]ccrues is a matter of federal, not state law." *Id.* (quotations and citations omitted). "Under federal law, the [limitations] period on a Section 1983 action begins to run the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001) (quotations and citation omitted). "A plaintiff need not know that she has a legal cause of action; she need know only the facts that would ultimately support a claim." *Id*. Ultimately, "actual knowledge is not required if the circumstances would lead a reasonable person

to investigate further." *Id.* (quotations and citation omitted).

Plaintiff filed her Complaint in the instant matter on September 27, 2012. The seizure of the monkeys occurred on February 26, 2011. Plaintiff was convicted of criminal charges on July 7, 2011. Plaintiff's constitutional claims stem from the seizure of the monkeys on February 26, 2011. Accordingly, Plaintiff's alleged injury began when the monkeys were confiscated on February 26, 2011. Even giving Plaintiff the benefit of no knowledge of the injury until her conviction in the criminal case on July 7, 2011, Plaintiff's claims are still clearly time barred. Accordingly, Plaintiff's claims are dismissed.

**CONCLUSION**

For the foregoing reasons, the Motion to Dismiss filed by Maria Davidson (Doc. 14) and adopted by Joe Clawson (Doc. 19) is GRANTED. Plaintiff's claims are time-barred and accordingly DISMISSED WITH PREJUDICE.

Judgment shall be entered in accordance with this Order.

New Orleans, Louisiana this 19th day of July, 2013.

____________________________________
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT COURT JUDGE**